UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JUSTIN ACOSTA,<br><br>                  Plaintiff,<br><br>v.<br><br>MARTIN J. O'MALLEY,<br>Commissioner of Social Security,<br><br>                  Defendant. | Case No. 1:24-cv-00276-CWD<br><br>**REPORT AND RECOMMENDATION** |

On June 11, 2024, the Clerk of the Court conditionally filed the Complaint subject to later review by the Court to determine whether Plaintiff is entitled to proceed in forma pauperis under 28 U.S.C. § 1915. The initial review of the Complaint has been completed.

For the reasons set forth below, the Court will recommend that Plaintiff's request to proceed without the prepayment of fees in this case be denied.

A. **Standard of Review**

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for a writ of habeas corpus, must pay a filing fee of

REPORT AND RECOMMENDATION - 1

$405.00. 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 2009); 28 U.S.C. § 1915(a)(1) ("any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal,…without prepayment of fees or security therefor.").

To qualify for IFP status under § 1915, the plaintiff must submit an Application and Affidavit showing a lack of sufficient funds to pay the filing fee and that the suit is not frivolous or malicious. *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). An affidavit is sufficient where it states that the plaintiff "cannot because of his [or her] poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). A plaintiff need not demonstrate absolute destitution to meet the requirements of the statute. *Escobedo*, 787 F.3d at 1234; *see also Adkins*, 335 U.S. at 339 (Litigants are not required to contribute their "last dollar" or "make themselves and their dependents wholly destitute."). Nonetheless, the affidavit must "state the facts as to affiant's poverty with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981); *see also Escobedo*, 787 F.3d at 1234. Motions to proceed in forma pauperis under § 1915 are left to the sound discretion of the trial court and are granted only in exceptional circumstances where the movant has made the requisite showing. *Id.*

**REPORT AND RECOMMENDATION - 2**

B.     Discussion

The IFP application includes an affirmation stating Plaintiff is unable to pay the costs of these proceedings. (Dkt. 3.) The Court has examined the application and finds that it is in the proper form, but that it does not establish Plaintiff meets the requirements for IFP status.

The application sets forth that Plaintiff earns $480.00 each month working part time as a driver for Uber 6 hours each week, and his spouse works full time and earns $5,230.00 each month, for a combined monthly income of $5,710.00.[1] They each report $500.00 in savings, and $750.00 in checking, for a total of $2,500.00 in cash available. Plaintiff reports their combined monthly household expenses total $3,830.00, leaving a surplus of $1,880.00 each month. Plaintiff's expenses include a housing payment of $1,400.00, and other expected monthly expenses, including a payment of $475.00 for revolving unsecured debt. Plaintiff's assets include two newer motor vehicles, valued at $9,417.00 and $7,000.00. Plaintiff does not expect any changes to the household income or expenses in the next year.

In determining what level of income constitutes poverty for purposes of 28 U.S.C. § 1915, the Court considered the poverty guidelines set by the United States Department of Health and Human Services as one measure. *See* 83 Fed. Reg. 2642, 2643. These

---

[1] The Court may consider a spouse's financial resources in determining whether a plaintiff is entitled to IFP status. *See Escobedo*, 787 F.3d at 1236. In doing so, the Court must make a reasonable inquiry into: (1) whether the spouse's resources are "actually available" to the plaintiff; and (2) whether a spouse "in fact has sufficient funds, given his or her own expenses, to assist in paying the fee." *Id*. at 1227. The application reflects that Plaintiff shares finances with his spouse and that his spouse's income supports their household such that his spouse's resources are actually available to Plaintiff. (Dkt. 3.)

**REPORT AND RECOMMENDATION - 3**

guidelines set the current poverty level for a two person household in Idaho at $20,440.00 annually.[2] Plaintiff's annual household income of $68,520.00 is well above the poverty level threshold. Nonetheless, Plaintiff's annual household income is $10,460.00 below the median income of $78,980.00 for a two-person household living in Idaho.[3] Excluding Plaintiff's part-time monthly income, Plaintiff's spouse earns $62,760.00 annually, which also exceeds the poverty level threshold and permits Plaintiff and his spouse to pay their combined expenses with a monthly surplus of $1,400.00. *See Escobedo*, 787 F.3d at 1236 (Court must consider whether spouse has sufficient funds to assist in paying the filing fee).

The Court is sympathetic to Plaintiff's financial constraints. However, to qualify for IFP status, a plaintiff must be experiencing such poverty that the plaintiff cannot reasonably pay court costs without forgoing the normal necessities of life. *Escobedo*, 787 F.3d at 1234. Plaintiff has not shown that he falls within this category. Plaintiff has a regular source of income which exceeds reported expenses each month. Plaintiff's monthly expenses appear modest. On balance, Plaintiff's monthly income, expenses, and assets put him above the poverty threshold needed to qualify for IFP status.

Based upon the foregoing, the Court does not find it appropriate to grant Plaintiff's application, and is unable to permit the filing of the Complaint without prepayment of the filing fee.

---

[2] U.S. Dep't. of Health and Human Services, 2024 Poverty Guidelines for the 48 Contiguous United States and the District of Columbia, https://aspe.hhs.gov/topics/poverty-economic-mobility/poverty-guidelines.

[3] Census Bureau Median Family Income by Family Size, April 1, 2024 and May 14, 2024, Inclusive. https://www.justice.gov/ust/eo/bapcpa/20240401/bci_data/median_income_table.htm (listing the median income for a two-person household in Idaho as $78,980.00 for cases filed under the Bankruptcy Code between April 1, 2024, and May 14, 2024.)

**REPORT AND RECOMMENDATION - 4**

RECOMMENDATION

**NOW THEREFORE IT IS HEREBY RECOMMENDED that:**

1) Plaintiff's motion for leave to proceed in forma pauperis (Dkt. 3) be **DENIED**.

2) To proceed, Plaintiff be ordered to pay the filing fee of $405.00. Plaintiff may pay the fee all at once, or may pay in installments over time. Should Plaintiff elect to proceed with an installment plan, Plaintiff must pay the Clerk of Court in monthly installments (or other increments of time) until the filing fee is paid in full, and the entire filing fee must be paid within 120 days of the Court's order. The first installment must be paid within 30 days of the Court's order.

3) If Plaintiff believes the Court has misconstrued any aspect of his financial situation, Plaintiff be permitted to file a renewed IFP request within 30 days of the Court's order, showing cause why payment of the filing fee would be inappropriate.

4) If Plaintiff neither files a renewed IFP request nor pays the filing fee in accordance with the Court's order, that the case be dismissed without further notice. *See* Fed. R. Civ. P. 41(b).

Written objections to this Report and Recommendation must be filed within fourteen (14) days pursuant to 28 U.S.C. § 636(b)(1) and Dist. Idaho L. Rule 72.1(b), or as a result of failing to do so, that party may waive the right to raise factual and/or legal objections to the United States Court of Appeals for the Ninth Circuit.

Dated: **July 08, 2024**

Candy W. Dale
United States Magistrate Judge